UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
AKRON DIVISION

| | |
|---|---|
| BLAKE ROWE,<br><br>    Plaintiff,<br><br>v.<br><br>NORTH AMERICAN RECOVERY d/b/a N.A.R., INC.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 5:20-cv-02377<br><br>DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes BLAKE ROWE ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of NORTH AMERICAN RECOVERY d/b/a N.A.R., INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio a subtotal portion of the events that gave rise to this action occurred within the Northern District of Ohio.

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age.

5. Defendant is a collection agency with is principal office located at 1600 West 2200 South, Suite 410, West Valley City, Utah 84119.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon an outstanding automobile debt ("subject debt") that Plaintiff allegedly owed to Solona Credit Union.

8. Around June 2020, Plaintiff began receiving calls to his cellular phone, (330) XXX-3570, from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -3570. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant has called Plaintiff mainly using the phone number (801) 236-3730, however, upon information and belief, Defendant has employed other phone numbers as well.

11. Upon information and belief, the aforementioned phone number ending in -3730 is regularly utilized by Defendant during its debt collection activity.

12. Plaintiff, through his contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

13. In speaking with Plaintiff, Defendant stated that the subject debt totaled $29,000.

14. Plaintiff became extremely confused by this representation, as based on his prior dealings with the subject automobile, the amount he owed on the subject debt was closer to $10,000.

15. Upon professing his inability to pay the subject debt due to financial hardship, Defendant suggested that Plaintiff take out a loan to pay the subject debt – an option which would have only further negatively impacted Plaintiff's financial situation.

16. Frustrated by the treatment he was receiving from Defendant, Plaintiff demanded that the phone calls stop.

17. Yet, Defendant willfully ignored Plaintiff's demand and continued placing phone calls to Plaintiff's cellular phone.

18. Despite Plaintiff's request, Defendant has continued to regularly call Plaintiff's cellular phone up until the filing of this lawsuit.

19. Plaintiff has received numerous phone calls from Defendant since asking it to stop calling.

20. In addition to the harassing phone calls Plaintiff received, Defendant also saw fit to contact members of Plaintiff's family members in connection with the subject debt, despite such family members having no connection to the subject debt.

21. In addition to contacting Plaintiff's grandmother, Defendant contacted Plaintiff's father multiple times without Plaintiff's consent.

22. Frustrated and embarrassed over Defendant's conduct, Plaintiff spoke with his undersigned attorney regarding his rights, resulting in exhausting time and resources.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, embarrassment, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction

caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

29. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of FDCPA §§1692b and §1692c**

30. The FDCPA, pursuant to 15 U.S.C. §1692b(2), prohibits "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt [.]" Furthermore, under § 1692b(3), a debt collector is prohibited from contacting a non-debtor "more than once unless requested to do so by such person."

31. Furthermore, under § 1692(c)(b), "without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate, in connection with the collection

of any debt, with any person other than the consumer, his attorney, a consumer reporting agency . . . the attorney of the creditor, or the attorney of the debt collector."

32. Defendant violated 15 U.S.C. §§ 1692b(2), (3), and § 1692(c)(b),  when it contacted Plaintiff's father multiple times. This caused Plaintiff to experience a great amount of embarrassment and anxiety. The FDCPA was enacted to prevent this exact type of behavior from debt collectors, as it could lead to a stressful and embarrassing situation.

### b. Violations of FDCPA §1692c(a)(1) and §1692d

33. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

34. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop.  Defendant called Plaintiff numerous times after he demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands was harassing and abusive.  The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

35. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

36. Defendant further violated § 1692d through the phone calls it placed to Plaintiff's family members. Defendant contacted such family members in a harassing attempt to embarrass Plaintiff into addressing the subject debt with Defendant.

### c. Violations of FDCPA § 1692e

5

37. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

39. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop calling him, Defendant place numerous calls to Plaintiff's cellular phone without his consent. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to call him when it no longer had consent to do so.

40. Furthermore, Defendant violated §1692e, e(2), and e(10) when it misrepresented that Plaintiff owed $29,000 in connection with the subject debt. Upon information and belief, Plaintiff's actual obligation on the subject debt is substantially less that Defendant is now attempting to collect, demonstrating the extent to which Defendant has falsely, deceptively, and misleading represented the nature and amount of the debt to Plaintiff through its collection efforts.

### d. Violations of FDCPA § 1692f

41. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

42. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

43. Furthermore, it was unfair for Defendant to contact Plaintiff's father multiple times. Defendant used this unfair tactic in order to embarrass Plaintiff into making a payment on the subject debt.

44. It was similarly unfair for Defendant to attempt to collect an amount substantially greater than Plaintiff's underlying obligation on the subject debt.

45. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, BLAKE ROWE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 19, 2020                                          Respectfully submitted,

<u>s/ Nathan C. Volheim</u> (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com